

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-1269
Re: Under the facts set forth,
does John Doe come within
the provisions of the Em-
ployment Agency Law?

We are in receipt of your letter of August 11,
1939, in which you request an opinion of this Department
in respect to the following situation:

"Your opinion is respectfully requested on
the following state of facts with reference to
the Employment Agency Law, Articles 5208-5221,
Revised Civil Statutes, and Articles 1584-1593,
Penal Code:

"John Doe maintains an office and carries
on the business of providing programs of enter-
tainment to persons, associations, conventions,
etc. Such entertainment is produced by singers,
musicians, dancers, comedians, and various other
performers under the direction of John Doe. The
person, association, convention, etc. outlines
to John Doe the general type of program desired,
or agrees to accept the type of programs recom-
mended by John Doe. The person, association,
convention, etc. does not interview or pay any
money to any of the performers, but deals direct-
ly and only with John Doe. The price of the pro-
gram is a lump sum which is fixed by mutual agree-
ment between John Doe and the person, association,
convention, etc. desiring the entertainment. John
Doe selects performers to produce the type of
program contracted for, and pays the performers
the price agreed upon between John Doe and the
performers. John Doe has exclusive charge and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Joe Kunschik, Page 2

control of the performers, is present, and
directs the program throughout its rendition.

"Under the above mentioned facts, does
John Doe come within the provisions of the Em-
ployment Agency Law, whereby he would be requir-
ed to obtain an employment agency license to
carry on such activities?"

At the outset we wish to point out that the Texas
Employment Agency Law, Articles 5208 through 5221, Revised
Civil Statutes of 1925, as amended, and Articles 1584 through
1593 of Vernon's Annotated Penal Code, are very fully and
capably discussed in the case of Karr v. Baldwin, 57 Fed.
(2nd) 252 (District Court, Texas) by Judge Atwell.

Article 5208, Revised Civil Statutes, 1925, de-
fines an "Employment Agency" as follows:

"The term 'Employment Agency' means every
person, firm, partnership or association of per-
sons engaged in the business of assisting em-
ployers to secure employees, and persons to se-
cure employment, or of collecting information
regarding employers seeking employees, and per-
sons seeking employment."

The same statute contains the following defini-
tion of "Employment Office":

"The term 'Employment Office' means every
place or office where the business of giving
intelligence or information where employment
or help may be obtained, or where the business
of an employment agent is carried on."

According to the statutory definition above set
out an "Employment Agent" is a person, firm, partnership
or association of persons engaged in the business of bring-
ing about an employer-employee or master-servant relation-
ship between two persons or a firm, corporation, partner-
ship, etc, as employer or master and a person as employee
or servant. In a situation described in your letter, how-
ever, the agent employs and pays the entertainers. The
latter have no contractual relationship whatsoever with
the persons, associations, clubs, conventions, etc. de-
siring the entertainment. They look to the agent for

Honorable Joe Kunschik, Page 3

their instructions and their remuneration. The agent in turn contracts with the aforesaid parties desiring an entertainment program. A lump sum is paid to the agent for the show or talent he produces or furnishes.

To be an "employee", the relation of master-servant must exist to the extent that one party has the right of ultimate control over the other. Surety Union Insurance Co. v. McLeod, (Texas) 36 S. W. (2d) 449, 551.

> "In the language of the law, however, the word 'servant' is used to embrace all classes of employees. It is synonymous with 'employee', and includes all persons of whatever rank or position who are subject to the direction and control of another in any department of labor or business." 29 Tex. Juris. 10.

In the Supreme Court case of Ribnik v. McBride, 277 U. S. 350, Justice Sutherland makes this significant observation:

> "The business of securing employment for those seeking work is essentially that of a broker, that is, of an intermediary."

Under the facts set out in your letter the agent is something more than an intermediary. He is in reality the employer of the entertainers, having complete control and paying them for their services. In the absence of any relationship of master and servant being brought about by said agent between the entertainers on the one hand and the persons, clubs, associations and conventions desiring their services, it is our opinion that the agent or entertainment entrepreneur described in your letter does not come within the purview of Article 5208, Revised Civil Statutes of 1925, and is not required by law to obtain an Employment Agency license, Articles 5208 through 5221, Revised Civil Statutes of 1925, as amended, and Articles 1584 through 1593 of the Annotated Penal Code of Texas not applying to his business.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 22, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:LM

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN